IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK M. WILLIAMS,

                         Plaintiff,
  v.                                                                                                              OPINION and ORDER

SCOTT ECKSTEIN, JOHN KIND,                                    20-cv-977-jdp
WILLIAM SWIEKATOWSKI, and CHRIS HEIL,

                         Defendant.

---

Pro se plaintiff Derek M. Williams alleges that defendant prison officials at Green Bay Correctional Institution retaliated against him for contacting elected officials about his mistreatment in prison. Williams is now incarcerated at Columbia Correctional Institution. Defendants move to dismiss this case under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this case to the Eastern District of Wisconsin under 28 U.S.C. § 1406(a) because venue is improper in the Western District of Wisconsin. Dkt. 18.

A civil lawsuit must be brought in a proper venue, for which federal law provides three options:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, the first option isn't satisfied; defendants have submitted declarations establishing that none of them reside within the Western District. Dkt. 19 and Dkt. 20. The second option isn't met because all of the alleged events giving rise to Williams's claims took place at Green Bay Correctional Institution, which is within the Eastern District. Dkt. 1. The third option is not satisfied because venue is proper in the Eastern District, based on where the alleged violations took place. Williams has the burden of proving that venue is proper in this district. *Stechauner v. Toney*, No. 20-cv-71-jdp, 2020 WL 5943703, at *1 (W.D. Wis. Oct. 7, 2020) (citing *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). He objects to transfer because he now resides in the Western District and is familiar with this court's procedures. But a plaintiff's location and litigation preferences are not relevant to whether venue is proper under 28 U.S.C. § 1391(b).

When venue is improper, the court must dismiss the case, or if it is in the interest of justice, transfer the case to any district where it could have been brought. 28 U.S.C. § 1406(a). I have screened Williams's complaint and granted him leave to proceed on his claims, and Williams says that he wishes to move forward with his case. So rather than dismiss Williams's case, I will transfer it to the Eastern District.

ORDER

IT IS ORDERED that defendants' motion to dismiss or transfer, Dkt. 18, is GRANTED in part. This case is transferred to the United States District Court for the Eastern District of Wisconsin. The remainder of defendants' motion is DENIED.

Entered November 18, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge